UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

In re:                                        )
                                              )
GOTSPACE DATA EQUITY                          )
FUND, LLC,                                    )
                                              )        Chapter 11
                        Debtor                )        Case No. 22-10044-FJB
_____)

**UNITED STATES TRUSTEE'S MOTION TO CONVERT
DEBTOR'S CHAPTER 11 CASE TO CHAPTER 7
(EMERGENCY HEARING REQUESTED)
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, moves the

Court to convert the chapter 11 case of Gotspace Data Equity Fund, LLC

("Debtor") to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4) and to schedule

an **emergency hearing** on this motion under MLBR 9013-1(g).

In support, the United States Trustee says:

**<u>Introduction</u>**

In its voluntary petition, the Debtor claimed that its assets far exceed its

liabilities.  But it has not complied with the United States Trustee's request that

it provide proof of insurance on its assets and operations.

"Cause" therefore exists under 11 U.S.C. § 1112(b)(4)(H) (failure to

provide information reasonably requested by the United States Trustee) and (C)

(failure to maintain appropriate insurance that poses a risk to the estate or to the

1

public).

Conversion is in the best interests of creditors and the estate. 11 U.S.C. §
1112(b)(1).

## EMERGENCY HEARING REQUESTED

1.      **On January 18, 2022, the United States Trustee requested that
the Debtor provide proof of insurance on its assets and operations within
two business days of the petition date. The Debtor has not responded.**

2.      **Without evidence of insurance, the estate is at unreasonable
risk of loss.**

3.      **Accordingly, the Court should schedule an emergency
hearing on this motion.**

In support, the United States Trustee states:

## JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF

4.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157
and 1334.

5.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

6.      Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

7.      The legal basis for relief includes 28 U.S.C. §§ 586(a)(3) and (7) and
1930(a)(6), 11 U.S.C. §§ 307 and 1112(b), Fed. R. Bankr. P. 1017 and MLBR
9013-1(g).

**FACTS**

8.      The Debtor filed its voluntary chapter 11 petition on January 14, 2022.  DE1.  It checked boxes on the petition indicating that "Funds will be available for distribution to unsecured creditors" (Box 13) and that its assets far exceeded its liabilities (Boxes 15 and 16).

9.      Based upon information and belief and subject to further discovery, the Debtor may own real property.

10.      On January 18, 2022, the United States Trustee's auditor emailed Debtor's attorney and tentatively scheduled the Debtor's initial debtor interview for Thursday, January 27, 2022.  The email attached the United States Trustee's Operating Guidelines and Reporting Requirements (the "Guidelines") and requested specific documents, including proof of insurance on the Debtor's assets and operations.  The email noted that "**proof of adequate insurance coverage is due immediately, no later than 2 business days of the bankruptcy filing**.  Evidence should be in the form of a Certificate of Insurance with the U.S. Trustee's Office listed as a notified party . . . ."(bold in original).

11.      The Debtor's attorney has not responded.

## I.    ARGUMENT

### A.    The Court Should Immediately Convert The Debtor's Chapter 11  Case For "Cause" Under 11 U.S.C. § 1112(b)(4).

#### i.    The United States Trustee.

12.    The United States Trustee is an official of the United States Department of Justice appointed by the Attorney General to supervise the administration of bankruptcy cases.  28 U.S.C. §§ 581-589.  By statute, the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title," with one exception not applicable here.  11 U.S.C. § 307.

#### ii.    The Guidelines.

13.    The United States Trustee provides the Guidelines to all debtors in possession to assist them in carrying out their statutory and fiduciary duties under the Bankruptcy Code and the Bankruptcy Rules.

14.    The Guidelines instruct a debtor in possession, among other things, to provide the United States Trustee with evidence that it has insured all of its assets and operations.[1]  *Id.*  A chapter 11 debtor must sign and return certain

---

[1]    The Guidelines provide "The Debtor must maintain appropriate insurance and make all premium payments when due. **Immediately upon filing, the Debtor must provide the United States Trustee with proof of the insurance coverage required by these Guidelines** . . . The Debtor shall maintain at least the following coverage, where applicable . . . General comprehensive liability . . . Property (personal

documents contained in the Guidelines, including an acknowledgement that it has closed all pre-petition bank accounts.

### iii.    "Cause" exists under subsection (H).

15.    Section 1112(b)(4)(H) provides that cause to convert a chapter 11 case to chapter 7 exists when a debtor fails timely to provide information reasonably requested by the United States Trustee.

16.    This is established where, as here, the debtor fails to provide requested documents.  7 COLLIER ON BANKRUPTCY ¶ 1112.4[6][h] Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2022) (collecting cases).

17.    Specifically, the Debtor has failed to provide the United States Trustee with evidence that it has insured its assets and operations, as required by the Guidelines.  Without current insurance, the estate and the public are at unreasonable risk of loss.  *See infra* at subsection (iv).

18.    Accordingly, the Court should convert the Debtor's chapter 11 case to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4)(H).

### iv.    "Cause" exists under subsection (C).

19.    Section 1112(b)(4)(C) provides that cause to convert a chapter 11

---

and theft) . . . Casualty and theft . . . Workers' compensation . . . Vehicle . . . Product Liability . . . Flood insurance . . . Other coverage customary or prudent in the Debtor's business, or required by law . . . ."  Guidelines at 13-14 (bold in original).

case to chapter 7 exists where a debtor fails "to maintain appropriate insurance that poses a risk to the estate or to the public . . . ."

20.     This is established where, as here, the Debtor has not provided the United States Trustee with evidence that it has insured its assets and operations, as requested. *Gilroy v. Ameriquest Mortg. Co. (In re Gilroy)*, 2008 WL 4531982 at 4 (B.A.P 1st Cir. 2008) (affirming order dismissing a chapter 11 case, where the debtor failed to provide proof that she had insured five condominiums); *Collier on Bankruptcy* ¶ 1112.4[6][c]. Without current insurance, the estate and the public are at unreasonable risk of loss.

21.     Accordingly, the Court should convert the Debtor's chapter 11 case to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4)(C).

**B.     Conversion Is In The Best Interest Of Creditors And The Estate.**

22.     The interests of creditors and the estate would best be served by conversion under 11 U.S.C. § 1112(b)(1). *In re Andover Covered Bridge* at 178 (outlining 10 factors typically considered by courts in assessing best interests).

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) **scheduling an emergency hearing on this motion under MLBR 9013-1(g)**; 2) converting the Debtor's chapter 11 case to chapter 7; and 3)

granting him all such other and further legal and equitable relief to which he may

be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:  */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Dated: January 21, 2022.      Eric.K.Bradford@USDOJ.gov

## CERTIFICATE OF SERVICE

I certify that on January 21, 2022, true and correct copies of the foregoing motion were served by CM/ECF only upon the individuals who filed notices of appearance in the Court's CM/ECF database, including counsel for the Debtor, Carmenelisa Perez-Kudzma, Esq., who is identified below.

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE
REGION 1

By:     */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
PHONE: (202) 306-3815
FAX: (617) 565-6368
Dated: January 21, 2022.                    Eric.K.Bradford@USDOJ.gov


**BY CM/ECF:**

Carmenelisa Perez-Kudzma on behalf of Debtor Gotspace Data Equity Fund, LLC
carmenelisa@pklolaw.com,evan@pklolaw.com

David J. Reier on behalf of Creditor Raymond C. Green, Inc.
david.reier@arentfox.com, dreier@pbl.com