**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re:<br><br>OCEAN DEVELOPMENT PARTNERS, LLC<br><br>          Debtor. | Chapter 11<br><br>Case No. 22-10043-FJB |
| In re:<br><br>GOTSPACE DATA EQUITY FUND, LLC<br><br>          Debtor. | Chapter 11<br><br>Case No. 22-10044-FJB |

**OPPOSITION OF RAYMOND C. GREEN TRUST TO DEBTORS' EMERGENCY MOTION TO INCLUDE AUDIO RECORDINGS AND REQUEST TO EXPUNGE RECORDINGS FROM RECORD**

Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust ("Trust"), by its attorneys, hereby opposes the Debtors' Emergency Motion to Include Audio Recordings filed in each of the above-captioned proceedings [Docket No. 54 in each proceeding]. To the extent such audio recordings have already been made part of the record in these proceedings, the Trust requests that the Court expunge such recordings from the record.

As set forth below, the audio recordings include a telephone conversation between Nicholas Fiorillo and Raymond Green that was recorded by Mr. Fiorillo without the knowledge or consent of Mr. Green in violation of state law. Further, the recording itself contains no information remotely relevant to the question whether the Court should continue the hearing on the pending Motion to Convert or the merits whether the case should be converted.

AFDOCS/25445315.2

**Brief Relevant Background**

1. The Trust is the principal secured creditor of the within debtor, Ocean Development Partners, LLC ("Ocean Development"), holding first mortgages on Ocean Development's principal assets, two partially gutted houses undergoing renovation in Newton, Massachusetts, which mortgages secure an indebtedness of approximately $6.6 million as of the Petition Date. The indebtedness is personally guaranteed by two individuals, Nicholas Fiorillo and Louis Delpidio, who, on information and belief, and notwithstanding the evasive and unintelligible testimony of Mr. Fiorillo at the Section 341 Meeting (discussed further below), together own, directly or indirectly, 100% of the equity in the Debtor. The Trust presently projects a deficiency of at least $2 million.

**United States Trustee's Motion to Convert**

2. On March 9, 2022, the United States Trustee filed motions to convert these cases to chapter 7 [Docket No. 46] ("Motion to Convert").

3. On March 12, 2022, the Trust filed a response in support of the Motion to Convert in the Ocean Development case [Docket No. 50].

4. The Court has scheduled the Motion to Convert for in person hearing on April 5, 2022 at 11:30 a.m., with objections due April 1, 2022 [Docket No. 47].

**Debtors' Use of Unlawfully Recorded Telephone Conversation**

5. On March 14, 2022, the Debtors filed an emergency motion to continue the hearing and objection deadline on the Motion to Convert [Docket No. 53] ("Motion to Continue").

6. On March 15, 2022, the Debtors filed Emergency Motion to Include Audio Recordings [Docket No. 54] ("Motion to Include Audio Recordings").

2

AFDOCS/25445315.2

7. Included among the 72-page Motion to Continue was a link to an audio recording of a prepetition telephone conversation between Mr. Fiorillo and the Trust's principal, Raymond Green. Docket No. 53-1, page 6 of 54. This same audio recording is the subject of the Motion to Include Audio Recordings.

8. The Debtors provided no evidence that Mr. Green was aware of or consented to such audio recording. In fact, Mr. Green did not consent to the recording, and Mr. Green was unaware that his telephone conversation with Mr. Fiorillo had been recorded until Debtors' counsel of record, Shawn Masterson, circulated a link to the telephone conversation by email on March 15, 2022 to the Court clerk and other parties, and also saw the same link in the Motion to Continue.

9. The recording by Mr. Fiorillo of such conversation was a violation of the Massachusetts criminal statute, M.G.L. c. 272, § 99. Indeed, the use by the Debtors in making such telephone conversation public in these proceedings, by providing a link to the recording through the March 15, 2022 email communication and in the body of the Motion to Continue, is itself a crime. Id., § 99(C)(3)(b) (any use of contents of secretly recorded telephone conversation).

10. Moreover, the contents of the telephone conversation are entirely irrelevant to the issue for which such conversation has been made public. The sole issue is whether grounds exist to continue the hearing and objection deadline on the Motion to Convert, or, arguably, the merits of the Motion to Convert. The Motion to Convert is based on the repeated "no-shows" of the Debtors' scheduled 341 Meetings and the Debtors' final appearance, at which their representative, Nicholas Fiorillo, appeared without the Schedules and proceeded to give nonsensical and obviously false testimony, disavowing his own List of Equity Holders and sworn

Statement of Financial Affairs, and otherwise demonstrating an inability or unwillingness to explain the contents of the Schedules, all as set forth more fully in the Motion to Convert and in the Response filed by the Trust in further support of conversion.

11. The recorded telephone conversation with Mr. Green is referenced in the Motion to Continue as purporting to demonstrate "Ray Green's continued extortion to embezzle and usurp a $1 million 'lot' of from [sic] … Ocean Development" and "Ray Green's confession that he is committing criminal extortion of my family home by means of his illegal foreclosure rouse." Motion to Continue, Docket No. 53-1, page 5 of 54.

12. The telephone conversation demonstrates no such thing. But, more importantly here, whether or not Mr. Green, acting on behalf of the Trust, did anything wrong prepetition, is wholly irrelevant to the question whether the Motion to Convert should be continued, whether the Debtors should be excused from performing their most elementary obligations at the beginning of a case, or whether Mr. Fiorillo should be excused from failing to appear and answer questions put to him by the United States Trustee at the 341 Meeting.

WHEREFORE, the Trust respectfully requests that (i) this Court strike and expunge from the record in these proceedings any and all references to the telephone conversation unlawfully

AFDOCS/25445315.2

recorded by Mr. Fiorillo; (ii) deny the Motion to Include Audio Recordings; and (iii) grant such other and further relief as this Court deems just and proper.

**Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust.**

By its attorney,

*/s/ David J. Reier*
David J. Reier, BBO #546202
ArentFox Schiff LLP
Prudential Tower
800 Boylston Street, 32nd Floor
Boston, MA  02199-8161
617-973-6145
Email:  david.reier@afslaw.com

Dated:   March 16, 2022

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing document was filed this 16th day of March, 2022 through the ECF filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ David J. Reier*
David J. Reier

AFDOCS/25445315.2