**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**OCEAN DEVELOPMENT PARTNERS, LLC,**<br><br>Debtor | **Chapter 11**<br>**Case No. 22-10043-FJB** |
| In re:<br><br>**GOTSPACE DATA EQUITY FUND, LLC**<br>Debtor | **Chapter 11**<br>**Case No. 22-10044-FJB** |

<u>OPPOSITION TO UNITED STATES TRUSTEE'S SECOND MOTION TO CONVERT
CHAPTER 11 CASES TO CHAPTER 7</u>

Now comes the Debtor, Ocean Development Partners, LLC and Gotspace Data Equity Fund, LLC (collectively "Debtors") and hereby opposes the Motion to Convert to Chapter 7.

Concurrent with the filing of this opposition, the Debtors are filing separate applications to employ Weiner Law Firm, P.C. as counsel. The Debtors will also be filing separate applications to employ ASI Advisors, LLC as its financial advisor to assist with the filing of all monthly operating reports and assist the Debtors with preparing financial information as required by the Court and the United States Trustee's Office. Amendments to the Debtors' schedules and statement of financial affairs will be filed as needed. It is also anticipated that both Weiner Law Firm, P.C. and ASI advisors will assist the Debtors in analyzing various restructuring options and the potential impact of each option on all parties involved in each bankruptcy proceeding.

Analysis will include but not be limited reviewing the Debtors assets and liabilities, examining various options including Debtor in Possession Financing, conducting a 11 U.S.C. § 363 sale and the preparation and filing of Plan of Reorganization for each Debtor as required.

In opposition the Debtors collectively state as follows to the allegations raised by the United States Trustee:

1. The Debtors admit the assertions in paragraphs 1-14.
2. Admitted as to assertions in paragraph 15.
3. Admitted as to assertion in paragraph 16 and paragraph 17 that the pleadings as filed do state what has been alleged. Debtors state further that through testimony at the continued 11 U.S.C. 341 meeting, Nicholas Fiorillo, managing member of both Debtors attempted to clarify the ownership interests of each debtor where he claimed that he does not own the equitable membership interest.
4. Paragraph 18 does not require a response.
5. Paragraphs 19- 24 are admitted and Debtors further state GotSpace Data Equity Fund, LLC was formed in 2021 and there are at present no Federal Tax Returns. The Debtors further state that information provided at the 341 meeting should have indicated that the Debtors do have receivables and bank accounts if existing were dormant. The Debtors further state that it is their intention should the Motion To Convert be denied and applications to employ counsel are allowed that the Debtors will further seek to hire a financial advisor to assist with the completion of all required monthly operating reports.
6. Paragraph 25-39 are admitted and the Debtors further state that the Debtors schedules and statement of financial affairs will be amended to be consistent with Mr. Fiorillo's testimony and the financial history of the Debtors as to liabilities and assets.
7. Paragraph 40 is admitted.
8. Paragraphs 41-58 are admitted.
9. Paragraph 59 is admitted.

10. Paragraph 60 is admitted but Debtor states further that Nicholas Fiorillo was attempting to explain the ownership interest of the ODP and why the information on the schedules as filed was not correct.
11. Paragraph 61 is admitted.
12. Paragraph 62 is admitted.
13. Paragraph 63 is denied.
14. Paragraphs 64-65 are admitted.
15. Paragraphs 66-72 are admitted.
16. Paragraph 73 is denied
17. Paragraphs 72-82 are admitted.
18. Paragraph 83-86 accurately state the law.
19. Paragraph 87(a) is admitted.
20. Paragraph 87(b) is denied.
21. Paragraph 87 (c) and (d) are denied.
22. Paragraph 87 (e) – (g) will be complied with upon approval of employment of counsel and a financial advisor to assist the Debtor in responding to the United States Trustee requests.
23. Paragraphs 88-92 are denied.

The Debtors acknowledge that its schedules and statement of affairs need to be amended. In both proceedings there has been no prejudice to creditors which would be a basis to convert. The goal in both proceedings is to emerge out of Chapter 11 either through a sale of assets or a confirmed Chapter 11 plan of reorganization where all valid claims of the Debtors are paid in full. It is the Debtors contentions that each Debtor has significant assets which will generate sufficient funds to satisfy all valid claims and conversion is not needed at this time.

The Debtors are seeking to retain counsel and a financial advisor which will take care of any current deficiencies in pleadings filed to date and to cure any delinquency as to documents requested by the United States Trustee's office.

Wherefore the Debtors request that the Court Deny the Motion of the United States Trustee's Second Motion to Convert and for such other and further relief as this court deems just.

Respectfully submitted,
Ocean Development Partners, LLC
Gotspace Data Equity Fund, LLC


/s/Gary M. Weiner, Esq.
Gary M. Weiner, Esq., BBO#548341
Robert E. Girvan, III, Esq. BBO#569063
Weiner Law Firm, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
GWeiner@Weinerlegal.com
RGirvan@Weinerlegal.com
Tel. No. 413-732-6840
Fax. No. 413-785-5666
Date: April 4, 2022
